IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Christopher James Smalls,                          ) C/A No.  2:14-4286-DCN-MGB
                                                   )
                    Plaintiff,                     )
                                                   )
vs.                                                )
                                                   ) **REPORT AND RECOMMENDATION**
The State of South Carolina; City of Goose Creek;  )
Goose Creek Police Department; Berkeley County     )
Sheriff Department,                                )
                                                   )
                    Defendants.                    )
_____            )


        The Plaintiff, Christopher James Smalls, proceeding pro se and in forma pauperis,

brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff is a pretrial detainee at the Berkeley

County Detention Center.  He appears to allege violations of his federal constitutional rights.

### Standard of Review

        Under established local procedure in this judicial district, a careful review has been

made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and

§ 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light

of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490

U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of

Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).  Pro se

complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574

F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a

pro se complaint to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007)

(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set

forth herein below this case is subject to summary dismissal.  The requirement of liberal construction

does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth

a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th

Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (outlining pleading requirements under

the Federal Rules of Civil Procedure).

## Discussion

Plaintiff alleges that he was "arrested for child support," and while waiting to go to

family court, he was "falsely arrested for murder."  He asserts that he "was falsely picked out[] by

an unknown female in a call line up for murder."  Plaintiff claims that the Goose Creek Police

Department told him that the victim died in the victim's apartment, but Plaintiff "found out" the

"young fellow" who died was not the owner of the apartment.  Plaintiff alleges that the apartment

owner was never questioned about the murder, but instead was evicted.  Plaintiff claims that he gave

his alibi to the Goose Creek Police Department and the Berkeley County Sheriff's Department, but

he is still "being held [on] trumped up charges."  Complaint, ECF No. 1 at 4.

## Requested Relief

Plaintiff's requests that he be exonerated and released from his "false imprisonment."

ECF No. 1 at 5.  This action is subject to summary dismissal because Plaintiff's requested relief is

not cognizable under § 1983.  To the extent Plaintiff seeks release from incarceration, such relief is

not available under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is

the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).  In Heck v. Humphrey, 512 U.S. 477, 481 (1994), the Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983.  In Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit Court of Appeals affirmed the continued authority of Preiser and Heck as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in a § 1983 action.

To the extent that Plaintiff requests injunctive and/or declaratory relief from this Court with regards to his pending state criminal case, this case is also barred by the doctrine established by Younger v. Harris, 401 U.S. 37 (1971) and its progeny.  Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings.  See, e.g., Younger v. Harris, 401 U.S. 37 at 45; Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th Cir. 1989).  In Cinema Blue of Charlotte, Inc., the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. Id. at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings.  See Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (en banc)("Congress and the federal judiciary have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."); cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983)(federal courts cannot review state court proceeding in appellate sense); Gurley v. Superior Court of Mecklenburg Cnty., 411 F.2d 586, 587-88 & nn.2-4

(4th Cir. 1969)(federal courts may not issue writs of mandamus against state courts).  Here, Plaintiff is not foreclosed from raising the issues he raises in his Complaint and having them ruled on in his ongoing state criminal prosecution by a state court Judge.  Thus, this Court should not intervene in Plaintiff's pending criminal proceedings.

### Defendants State of South Carolina and Berkeley County Sheriff's Department

Defendants State of South Carolina and Berkeley County Sheriff's Department are entitled to Eleventh Amendment immunity.  The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state.  See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890))(holding that a citizen could not sue a state in federal court without the state's consent); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases.  See Quern v. Jordan, 440 U.S. 332, 343 (1979).  Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions.  The South Carolina Tort Claims Act expressly provides that the State

of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court

of the State of South Carolina, and does not consent to suit in a federal court or in a court of another

state.  S.C. Code Ann. § 15-78-20(e).

Defendant Berkeley County Sheriff's Department is also entitled to Eleventh

Amendment immunity, as Sheriff's Departments in South Carolina are state agencies, not municipal

departments. See Edwards v. Lexington Cnty. Sheriff's Dep't, 688 S.E.2d 125, 127 n. 1 (S.C.

2010)("[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county,

employees."); Allen v. Fid. and Deposit Co., 515 F.Supp. 1185, 1189–91 (D.S.C. 1981)(County

cannot be held liable for actions of deputy sheriff because deputy sheriffs serve at pleasure of the

Sheriff, not the County), aff'd, 694 F.2d 716 (4th Cir. 1982) [Table]; Comer v. Brown, 88 F.3d 1315,

1332 (4th Cir. 1996)(suit against Sheriff of Greenville County: "... Sheriff Brown is an arm of the

State.").

### Defendant Goose Creek Police Department

Defendant Goose Creek Police Department is subject to summary dismissal because

this entity is not a "person" subject to suit under § 1983.[*]  A police department is a group of officers

in a building and, as such, is not subject to suit under § 1983.  Buildings and correctional institutions,

as well as sheriff's departments and police departments, usually are not considered legal entities

subject to suit. See Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical

department of a prison is not a person pursuant to § 1983); Nelson v. Lexington Cnty. Det. Ctr., C/A

---

[*]In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person
has deprived him of a federal right," and (2) "the person who has deprived him of that right acted
under color of state or [federal] law."  Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42
U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).

No. 8:10–2988–JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983 and that Food Service Supervisors was a group of people not subject to suit); see also Post v. City of Fort Lauderdale, 750 F.Supp. 1131 (S.D.Fla.1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); Shelby v. City of Atlanta, 578 F.Supp. 1368, 1370 (N.D.Ga.1984) (dismissing police department as party defendant because it was merely vehicle through which city government fulfills policing functions).  The view that a municipal police department is not a legal entity subject to liability under § 1983 is in accord with the majority of federal courts that have addressed this issue.  See, e.g., Dean v. Barber, 951 F.2d 1210, 1214–15 (11th Cir. 1992); Petaway v. City of New Haven Police Dep't, 541 F.Supp.2d 504, 510 (D.Conn. 2008) ("[A] municipal police department is not subject to suit under section 1983 because it is not an independent legal entity."); Terrell v. City of Harrisburg Police Dep't, 549 F.Supp.2d 671, 686 (M.D.Pa. 2008) ("It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under § 1983."); Gore v. Conway Police Dep't, No. 9:08–1806–RBH, 2008 WL 2566985 (D.S.C. June 26, 2008); Lyons v. Edgefield County Police, No. 8:05–2503–MBS, 2006 WL 3827501, at *3 (D.S.C. Dec. 28, 2006) (police department not a separate suable entity amenable to suit); Buchanan v. Williams, 434 F.Supp.2d 521, 529 (M.D.Tenn. 2006) (concluding that "police departments are not 'bodies politic'" and therefore are not persons subject to action under § 1983); Nicholson v. Lenczewski, 356 F.Supp. 2d 157, 163–64 (D.Conn. 2005); Stump v. Gates, 777 F.Supp. 808, 815–16 (D.Colo.1991).

**Defendant City of Goose Creek**

Although the City of Goose Creek is subject to suit pursuant to § 1983, a government entity is only held liable for constitutional deprivations that result from the entity's policies or customs.  See Monell v. Department of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978); see also Knight v. Vernon, 214 F.3d 544, 552 (4th Cir. 2000); Berkley v. Common Council of City of Charleston, 63 F.3d 295, 296 (4th Cir. 1995)("A municipality may only be found liable under section 1983...where 'the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" (quoting Monell, 436 U.S. at 690)). Here, Plaintiff has not alleged that the complained of actions were taken pursuant to a policy or custom of the City of Goose Creek.

Plaintiff may be alleging that the City of Goose Greek is liable on the grounds that it is responsible for the actions of its employees.  However, "municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir.1999) (citing Monell, 436 U.S. at 692–94); Boswell v. Bullock, No. 5-11-cv-94-F, 2012 WL 2920036, at *11 (E.D.N.C. July 17, 2012) ("Although a local government entity may be held liable under § 1983, it is well settled that a local government entity cannot be held liable under § 1983 on a *respondeat superior* theory." (citing Monell, 436 U.S. at 690–91)).  A municipality may not be held liable under § 1983 solely because it employs the tortfeasor. Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

**Recommendation**

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's

Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

May 20, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).